COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00010-CV

 

 


 
 
 PREILLA ATWOOD AND CHELSEY ATWOOD
 
 
  
 
 
 APPELLANTS
 
 


                                                                                                                             

V.

 


 
 
 CHRISTINE PIETROWICZ
 
 
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM COUNTY COURT
 AT LAW NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellants
Priella Atwood and her daughter Chelsey Atwood (collectively, the Atwoods) were
rear-ended by Appellee Christine Pietrowicz in 2006, an accident for which
Pietrowicz has conceded liability.  A
jury trial was held on the issue of damages.  The jury awarded the Atwoods damages for
physical pain and mental anguish, medical care expenses, and loss of earning
capacity.  

Prior
to trial, the Atwoods filed with the court a number of affidavits concerning
the cost and necessity of their medical treatment.  The Atwoods also filed a motion in limine
requesting that Pietrowicz be prohibited from bringing certain matters to the
jury’s attention “unless and until such matters have been first called to the
attention of the court, out of the presence and/or hearing of the jury, and a
favorable ruling obtained from the Court as to the admissibility and relevance
of any such matters.”  The court
sustained the Atwoods’ prohibitions on, among other things, (1) mentioning any
insurance covering the Atwoods; (2) arguing that any damages should be reduced
by credits, write-offs or discounts appearing on the Atwoods’ medical bills;
(3) arguing that the Atwoods could not have been injured because of the lack of
damage to the vehicles; and (4) arguing that the medical services evidenced in the
Atwoods’ affidavits were unnecessary or that their costs were unreasonable.  

On
appeal, the Atwoods argue in ten issues that the jury awarded much less in
damages than was established at trial because of Pietrowicz’s counsel’s
repeated violations of the order on the motion in limine; improper arguments
that the Atwoods do not owe their medical bills and that their damages should
be accordingly reduced by adjustments shown in the records; improper
questioning of the Atwoods’ counsel’s honesty; and misrepresentations of the
uncontroverted affidavits of medical care. 
For the reasons set forth below, we disagree and uphold the damages
awarded at trial.




 

Discussion

Improper Jury Argument 

In
their first and second issues, the Atwoods complain that Pietrowicz’s trial counsel
repeatedly violated the motion in limine and made improper arguments that
incurably prejudiced the jury.  Pietrowicz
responds that these complaints were not preserved by objections during trial. 

          Normally, to
preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling, if they are not apparent from the context of
the request, objection, or motion.  Tex.
R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1).  If a party fails to do this, error is not
preserved, and the complaint is waived.  Bushell
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  However, when an appellant
complains of an incurable argument, it is preserved by a motion for new trial,
even without an objection at trial.  Phillips v. Bramlett, 288 S.W.3d 876,
883 (Tex. 2009).  

Incurable
argument is rare.  Living Ctrs. of Tex., Inc. v. Penalver, 256 S.W.3d 678, 680 (Tex. 2008).  To be incurable, the argument must be of such
a nature, degree, and extent that no instruction from the court or retraction
of the argument could undo its effect.  Id. at 680–81.  An incurable argument is one that “strikes at
the appearance of and the actual impartiality, equality, and fairness of
justice rendered by courts.”  Id. at 681.

We
first address preservation.  The Atwoods
did not object at trial to all of the arguments of which they now complain.[2]  For those they did object to, all discussion
with the court is off the record.[3]  Thus, the record fails to reflect the
prerequisite statement of grounds, ruling by the court, and request for
instruction to disregard.  However, some of
the statements made by Pietrowicz were preserved for our review in the Atwoods’
motion for new trial.  Those statements
which were preserved, all in Pietrowicz’s closing argument, involved commenting
on the existence of health insurance as a collateral source of payment or
arguing that any damage award be reduced by write-offs or credits.[4]  

All
of these statements are proper remarks on the medical bills submitted into
evidence by the Atwoods.  Although they
were redacted, the bills clearly show unredacted “credits,” “write-offs,” and
“adjustments.”  A party cannot complain
of error when she has allowed the evidence to be admitted.  Because the Atwoods themselves sponsored the
evidence of credits, write-offs, and adjustments through the exhibits they
introduced, error cannot be assigned for commenting on the meaning of their
documents in argument.  See Magic Chef, Inc. v. Sibley, 546
S.W.2d 851, 858 (Tex. App.—San Antonio 1977, pet. ref'd) (holding that it was
not improper argument to comment on requests for admission that were read to
the jury without objection).

In
their third issue, the Atwoods complain that these same arguments by Pietrowicz
impugned the honesty of the Atwoods’ attorney. 
Attacks on the integrity of counsel have been found to be “highly
improper and generally considered to be incurable.”  Circle
Y of Yoakum v. Blevins, 826 S.W.2d 753, 758 (Tex. App.—Texarkana 1992, writ
denied).  Specifically, the Atwoods point
to when Pietrowicz’s counsel said,

Well, if you look
at Arlington Orthopedic, you look at the bill, it’s the same thing.  It’s $35 for her to go.  And if you look at the bill down here, it
doesn’t owe any of it - - that they wrote off a thousand dollars.  Okay. 
And that there are all these other reductions in here.

So for them to
come in here and portray, like, oh, I owe all these bills and, you know, look
at all that I owe and look at the large amounts of this.  All right. 
They are not being honest with you and   
- - open and honest with you, because if you look at this stuff, they
don’t owe it.  All right.

They are asking
you to compensate them for something that they are not even going to pay.  All right. 
That you are going to give them money and they are not going to pay
these folks with the money that you give them. 
All right. 

So for them to act
like that is what they are going to do, that is not the case.  

 

          We do not understand the above
argument to refer to the Atwoods’ counsel, but to the Atwoods themselves.  And as discussed above, the Atwoods were the ones
who introduced the evidence that they did not owe the full amount of the
medical bills.  Pietrowicz’s counsel was
remarking on that evidence and the Atwoods will not be heard to complain of it
now.  We overrule the Atwoods’ first,
second, and third issues. 

Objection at Closing

In
their fourth issue, the Atwoods complain of the following statement made during
Pietrowicz’s closing argument:




 

 

I think back
during the voir dire, Plaintiff’s Counsel told you that this wasn’t a case
where they were asking for a lot of money. 
Well, it seems to me that they just asked you for a lot of money.  Particularly in relation to what kind of
accident this was.

 

The
Atwoods objected “to the argument that the damages are based on what kind of
accident it was.  They need to be based
only on the actual damages.”  The court
overruled the objection.  The Atwoods
complain that the objection was proper because counsel’s statement was in
violation of their motion in limine, which prohibited counsel from “arguing to
the jury or testifying that Plaintiffs could not have been injured due to the
lack of damage or insubstantial amount of damage to either or both of the
vehicles involved in the collision in question,” and that since it was in
violation of the motion in limine, it was an improper argument.  Pietrowicz counsel argues that her counsel did
not run afoul of the prohibition because he did not directly mention vehicle
damage. 

The
statement regarding “what kind of accident this was” does not make reference to
vehicle damage and does not violate the Atwoods’ motion in limine.  Pietrowicz had argued throughout the trial
about the lack of severity of the accident and that such car accidents do not
normally cause the types or extent of injuries complained of.  This statement is a proper summary of that
argument.  The Atwoods’ objection was
properly overruled at trial, and we now overrule their fourth issue. 




 

Uncontroverted Affidavits of Cost and Necessity of Medical Services

The
Atwoods’ fifth through eighth and tenth issues relate to the uncontroverted
affidavits concerning the cost and necessity of medical services they entered
into evidence.  

In
their closing argument, the Atwoods stated that the affidavits “conclusively
establish[] that these fees were reasonable at the time and place that they
were -- for the things reflected in them, and that the services were
necessary.”  [RR 51]  Pietrowicz objected that it was an incorrect
statement of the law, referencing Texas Civil Practice and Remedies Code section
18.001.  In their fifth issue, the
Atwoods argue that the trial court erred by sustaining this objection and that
by doing so, caused the jury to improperly award them less than the full amount
of their medical costs.  

Also
during closing, Pietrowicz argued that the jury should only award the Atwoods
part of the cost of Chelsey’s MRI.  Pietrowicz
told the jury that Chelsey had three MRIs performed on the same day, including
one on her neck, which he argued she did not claim was injured in the accident.
 He told the jury, “I don’t think you
should consider the third MRI that was done to the neck.  Just look at the other two.”  The Atwoods claim that the MRI was a single
“three-level” MRI, the cost of which cannot or should not be divided.  The Atwoods complain in their sixth issue that
referring to the MRI as three different procedures was an improper argument that
caused the jury to enter a judgment of less than the full cost of the MRI.  Because the jury did not award the full cost
of the MRI, the Atwoods argue in their seventh and eighth issues that the
jury’s damage award is contrary to the conclusive evidence as a matter of law.  The Atwoods further argue in issue ten that
the jury’s failure to award Priella all of the medical costs for which she
submitted uncontroverted affidavits is contrary to the conclusive evidence as a
matter of law.

Section
18.001 affidavits concerning the cost and necessity of services rendered are
“sufficient evidence to support a finding of fact by judge or jury that the
amount charged was reasonable or that the service was necessary.”  Tex. Civ. Prac. & Rem. Code Ann. §
18.001(b) (Vernon 2008).  Even when
uncontroverted, section 18.001 affidavits are not conclusive evidence.  Hong v.
Bennett, 209 S.W.3d 795, 800 (Tex. App.—Fort Worth 2006, no pet.) (“An
uncontroverted section 18.001(b) affidavit provides legally sufficient—but not conclusive—evidence to support a
jury’s finding that the amount charged for a service was reasonable and
necessary.”) (emphasis added).  Section
18.001 affidavits do not establish that the costs were caused by the
defendant’s actions or that the plaintiffs are entitled to those costs as a
matter of law.  Sloan v. Molandes, 32 S.W.3d 745, 752 (Tex. App.—Beaumont 2000, no
pet.); Beauchamp v. Hambrick, 901
S.W.2d 747, 749 (Tex. App.—Eastland 1995, no writ).  It is an evidentiary statute allowing for the
admissibility of affidavits that would otherwise be considered hearsay.  Hong,
209 S.W.3d at 800; Beauchamp, 901
S.W.2d at 749.  

When causation is
contested, such as when there is a dispute over the seriousness of an accident
that allegedly caused the medical expenses, the jury is not bound to award the
damages set forth in an uncontroverted affidavit under section 18.001, but is
entitled to answer the damages issue as it deems appropriate. 

 

Gutierrez v. Martinez,
No. 01-07-00363-CV, 2008 WL 5392023, at *9 (Tex. App.—Houston [1st Dist.] Dec.
19, 2008, no pet.) (mem. op.).

The
Atwoods’ statement that the affidavits were conclusive evidence was properly
objected to as being a misstatement of the law. 
The section 18.001 affidavits do not conclusively establish the Atwoods’
entitlement to those damages as a matter of law.  See,
e.g., Sloan, 32 S.W.3d at 752 (upholding
jury award of $21,600 where medical expenses were established by affidavit to
be $107,543.25).  The Atwoods were still
required to demonstrate that the services were sought as a result of Pietrowicz’s
actions.  Id.  

Both
Priella and Chelsey suffered injuries after the accident that were unrelated to
the accident and that were listed in the medical bills submitted into
evidence.  Their counsel noted at trial
that not all of the charges in the affidavits were related to the car accident.  In closing argument, he stated, “[T]he
affidavit itself says that the attached records show there is $13,000-plus in
necessary and reasonable charges, but . . . the only ones that we are seeking
here are . . . for the MRI, which totals $8,873.”  The jury was within its discretion to
evaluate the evidence and make judgment as to which of the medical expenses
were related to the accident and which were not. See Gutierrez,
2008 WL 5392023, at *9.

Further,
during trial, the Atwoods did not object to Pietrowicz’s characterization of
the MRI as three separate MRIs.  The record
does not reflect whether the Atwoods argued to the jury during their own
closing that the MRI was one three-level imaging, not three separate
services.  And the Atwoods did not object
when Pietrowicz referred to the MRI as “three MRIs” during cross-examination of
Chelsey Atwood,[5] or
attempt on redirect to have Chelsey testify that it was one procedure.  The Atwoods’ presented no other testimony on
the issue, and the bill for the MRI attached to the affidavit breaks it down
into three items, each with its own code, quantity, and charge.  The evidence is not clear that the MRI was
one procedure, and the jury was free to make that determination and award the
costs only on those procedures attributable to the accident.

Based
on this evidence in the record, we cannot say that it was error for the jury to
award less than the full amount of medical costs evidenced in the affidavits.  We overrule the Atwoods’ fifth, sixth,
seventh, eighth, and tenth issues. 

Physical Impairment and Loss of
Earning Capacity

In
their ninth issue, the Atwoods argue that the jury’s responses to questions in
the jury charge are inconsistent and, therefore, require a new trial.  Question two of the jury charge asked the
jury, “What sum of money, if paid now in cash, would fairly and reasonably
compensate Priella Atwood for her injuries, if any, that resulted from the
occurrence in question?”  The charge
broke out the award as follows:

a.    Physical
pain and mental anguish sustained in the past;

b.   
Physical pain and mental anguish that, in
reasonable probability, Priella Atwood will sustain in the future;

 

c.    Physical
impairment sustained in the past;

d.   
Physical impairment that, in reasonable probability
Priella Atwood would sustain in the future;

 

e.    Medical
care expenses sustained in the past; and 

f.     Loss
of earning capacity sustained in the past.

The
Atwoods complain on appeal that the jury’s answer for part (c) (physical
impairment sustained in the past) of zero dollars and the jury’s answer for
part (f) (loss of earning capacity sustained in the past) of $2,098.40 are
inconsistent. The Atwoods argue that Priella’s lost earning capacity could only
have been due to her physical impairment and thus, because the jury found that
Priella had suffered lost earning capacity, they should have awarded her
something for her past physical impairment. 

          Physical impairment and loss of
earning capacity are not the same thing. 
Loss of earning capacity is the diminution in the plaintiff’s ability to
earn and “do[es] not have to be based on any specific degree of physical
impairment, but can be based on a composite of all of the factors affecting
earning capacity.”  Tri-State Motor Transit Co. v. Nicar, 765 S.W.2d 486, 492 (Tex. App.—Houston
[14th Dist.] 1989, no writ).  It includes
her ability to “get and hold a job, or [her] capacity for duration, consistency
or efficiency of work . . . .”  Rendon v. Avance, 67 S.W.3d 303, 312–13
(Tex. App. —Fort Worth 2001, no pet.) (quoting Springer v. Baggs, 500 S.W.2d 541, 545 (Tex. Civ. App.—Texarkana
1973, writ ref'd n.r.e.)).  

Physical
impairment “extends beyond loss of earning capacity and beyond any pain and suffering, to the extent that it produces
a separate loss that is substantial or extremely disabling.”  Dawson
v. Briggs, 107 S.W.3d 739, 752 (Tex. App.—Fort Worth 2003, no pet.).  It can include inability to participate in
hobbies, completely apart from any inability to perform work.  Patlyek
v. Brittain, 149 S.W.3d 781, 787 (Tex. App.—Austin 2004, pet. denied)  (“By focusing on activities unrelated to work,
a reviewing court can distinguish losses comprising physical impairment from
those comprising lost wages or earning capacity.”)  This court has previously noted, 

To receive damages
for physical impairment, the injured party must prove that the effect of his
physical impairment extends beyond any impediment to his earning capacity and
beyond any pain and suffering, to the extent that it produces a separate and
distinct loss that is substantial and for which he should be compensated.
Therefore, even proof that one is entitled to compensatory damages for pain and
suffering, or for lost wages, does not automatically entitle one to
compensation for physical impairment. 

 

Dawson,
107 S.W.3d at 752 (internal citations omitted).

          Damages for physical impairment and
for loss of earning capacity compensate the plaintiff for different
losses.  The jury’s finding that Priella
Atwood did not suffer physical impairment to a degree for which she should be
compensated is therefore not inconsistent with their award of lost earning
capacity.  The Atwoods’ ninth issue is
overruled. 

Conclusion

          Having overruled each of the Atwoods’
issues, we affirm the trial court’s judgment.

                                                                             
 
 
 
 
 
 
 
 
 LEE GABRIEL

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 DAUPHINOT, 
 
 
 
 
 
 WALKER, and 
 
 
 
 
 
 GABRIEL, JJ.       

 

DELIVERED:  October 28, 2010











[1]See Tex. R. App. P. 47.4





[2]
The two complained-of statements which were not objected to are

(1)

                 Well, if you look at Arlington
Orthopedic, you look at the bill, it’s the same thing.  It’s $35 for her to go.  And if you look at the bill down here, it
doesn’t owe any of it - - that they wrote off a thousand dollars.  Okay. 
And that there are all these other reductions in here.

                 So for them to come in here and
portray, like, oh, I owe all these bills and, you know, look at all that I owe
and look at the large amounts of this. 
All right.  They are not being
honest with you and - - open and honest with you, because if you look at this
stuff, they don’t owe it.  All right.

                 They are asking you to
compensate them for something that they are not even going to pay.  All right. 
That you are going to give them money and they are not going to pay
these folks with the money that you give them. 
All right.

                 So for them to act like that is
what they are going to do, that is not the case.  

 

(2)            And
I think you ought to look at the write-off stuff in relation to that . . . .





[3]
The statement which was objected to, but on which no ruling is preserved in the
record, is, “Look at the bills in the case. 
It looks like she doesn’t owe those amounts.”

The Atwoods also complain
of a line of questioning in which Pietrowicz’s counsel asked Priella Atwood
whether she had ever looked at her medical bills prior to trial.  We note that this is not an argument to the
jury and that the Atwoods’ counsel allowed Priella to answer six questions on
the subject before objecting.  Further,
the Atwoods failed to get a ruling on their objection on the record.





[4]
The three statements which were preserved by the motion for new trial are the
two which were not objected to at trial and the argument to which the Atwoods
did object, but did not obtain a ruling. 
See supra notes 2–3. 
The Atwoods did not preserve in their motion their complaint of the line
of questioning regarding Priella Atwood’s medical bills.





[5]When
questioned about the “three MRIs,” Chelsey responded, “They did one long
one.  They didn’t do three little
ones.  They did one big one . . . . Three
different ones.”