ALLRIGHT, INC., Appellant,

v.

Edgar Leon O'NEAL, Appellee.

No. A2188.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1980.

Rehearing Denied Feb. 27, 1980.

George M. Bishop, Susan A. Brams, Houston, for appellant.

Edward A. Mattingley, Hudgins, Hudgins, Sturm & Warrick, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Edgar Leon O'Neal (appellee) sued Allright Auto Parks, Inc. and Allright, Inc. to recover for the loss of his car, which was stolen from a parking lot operated by Allright, Inc. (appellant or Allright). An instructed verdict that appellee recover nothing from Allright Auto Parks, Inc. was granted by the trial court. After a jury trial, the court awarded O'Neal $2,450.00 in damages. Allright, Inc. brings this appeal.

On the morning of January 2, 1976, appellee's wife, Mrs. Olga O'Neal, parked appellee's car in a downtown Houston parking lot operated by Allright, Inc. When Mrs.

O'Neal returned that evening, the car was gone.

 In its first point of error, appellant contends that the trial court erred in overruling its motion for judgment notwithstanding the verdict because the statute of limitations barred suit against Allright, Inc. We disagree. Appellant went to trial on pleadings not containing any plea of limitations. After the close of all the testimony, appellant first filed a trial amendment in the county clerk's office, claiming the limitations defense. However, this amendment was not filed with leave of court and therefore the attempted trial amendment did not meet the requirements of Tex.R.Civ.P. 63. Therefore, since the statute of limitations is an affirmative defense under Tex.R.Civ.P. 94, this defense has been waived because of the failure of appellant to timely plead it.

Appellant also complains that the trial court erred in submitting special issue number five because it erroneously placed the burden of proof on appellant. In a bailment case, a rebuttable presumption of negligence is made by the bailor against the bailee upon proof of a bailment and the failure of bailee to return the goods. *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975). To rebut this presumption of negligence, the "bailee must show how the loss occurred and that it was due to some other cause than his own neglect or negligence or that, however the loss occurred, it was not due to his negligence." *Id.* at 844. The evidence of appellant did not raise such an exculpatory explanation. The defaulting bailee must not only prove any precautions taken to prevent loss, but also the circumstances connected to the loss in question. *See Comment, Presumptions and the Burden of Proving a Bailee's Negligence: Sufficiency of Proof to Rebut a Bailor's Prima Facie Case*, 31 Texas L.Rev. 46, 55 (1952). Appellant merely showed that there were two attendants on duty, that barriers were set up to prevent people from driving over the sidewalks, and that three-part tickets were used to account for the cars. There was no evidence offered relating to the circumstances of the theft, if such it was, in the instant case. Since we hold that appellant did not rebut the presumption, any error in the submission of the special issue is harmless error.

All of appellant's points of error have been considered and are overruled.

Affirmed.