**ALLRIGHT, INC., Appellant,**

v.

**Kirkland STRAWDER, Appellee.**

**No. C14–83–819CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 1984.

Chris A. Stacy, Houston, for appellant.
John O. Walters, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal is from a judgment in a bailment suit filed by appellee, Kirkland Strawder, against appellant, Allright, Inc., for damages to appellee's automobile after its theft from one of appellant's parking lots. Following a jury trial, appellee received a judgment for $1,000.90. As modified, we affirm the trial court's judgment.

Appellee drove to a Houston Allright parking lot on January 18, 1980, placed his 1978 Buick Regal automobile in a row of cars waiting to be parked by the attendant, handed the attendant his keys, and obtained a receipt. Appellee returned two hours later to find his car missing; he reported it stolen. The car was recovered one and one-half weeks later, wrecked and stripped.

The jury considered one Special Issue, reading in its entirety as follows:

Do you find from a preponderance of the evidence that Allright, Inc., exercised or-

dinary care in its custody of Kirkland Strawder's automobile on January 18, 1980?

They answered, "We Do Not."

■■■ Appellant presents three points of error. In point number one appellant alleges the trial court erred in rendering judgment for appellee without a finding by the jury of the amount of appellee's damages.

TEX.REV.CIV.STAT.ANN. art. 3737h, Sec. 1(a) (Vernon Supp.1984) provides as follows:

In a civil action other than an action on sworn account, the amount charged for services by a person or institution, when supported by affidavit that the charges reflected in the affidavit were reasonable at the time and place that the services were rendered and that the services were necessary, is sufficient evidence to support a finding of fact by judge or jury that the services were necessary or that the amount charged was reasonable, or both.

Section 1(b) of said Article 3737h requires, as a condition precedent to applicability of Subsection (a) of Section 1 that the affidavit be filed with the clerk of the court and served on the opposing party at least fourteen days prior to the day on which presentation of evidence at trial of the cause commences. Also Subsection (b) of Section 1 as a condition precedent to controverting a claim covered by such an affidavit requires that a party intending to controvert such claim shall within ten days after receipt of a copy of the affidavit file a counter-affidavit with the clerk and serve a copy on the opposing attorney. Subsection (b) of Section 1 finally provides that when a counter-affidavit is so filed and served, then Subsection (a) of Section 1 shall thereafter have no force or effect at the trial of the cause.

At the trial of the instant case appellee introduced into evidence an affidavit pursuant to Subsection (a) of Section 1 of Article 3737h. Appellant had filed no counter-affidavit as provided for under Subsection (b) of Section 1. The second page of the affidavit introduced into evidence by appellee contained an itemized list of charges for repairs to appellee's vehicle, totalling $900.90 and included this statement:

The undersigned [JOHN W. THOMAS] agrees to complete the above repairs for $900.90. Of this amount the above named insured [KIRKLAND STRAWDER] is to pay $100.00.

The affiant, John W. Thomas, then mistakenly added the above two figures and on the first page of the affidavit stated that the total price for the repairs was $1,000.90.

There was no fact finding by the jury of the amount of appellee's damages; therefore, appellant's first point of error would be good and require that the case be reversed unless (1) under Subsection (a) of Section 1 of the statute the trial judge was entitled to make the finding, or (2) under the evidence the amount of damages was established as a matter of law.

Appellee contends that under the statute the trial judge could make the fact finding, even in a case tried to a jury. We disagree and overrule appellee's contention. The only reasonable construction of the statute is that the fact finding is to be made by the jury in a jury trial and by the judge in a bench trial. To hold otherwise would deny a party requesting a jury and paying a jury fee of a jury trial on an ultimate issue that might well be disputed. Thus, in the instant case we must decide whether the amount of appellee's damages was established as a matter of law. Once Thomas's affidavit was properly admitted into evidence, it became subject to the same rules applicable to testimony given by a witness in person or by deposition. One such rule is that uncontroverted testimony, even from a witness categorized as an expert, may be taken as true as a matter of law if it is clear, direct and positive, and is free from contradictions, inconsistencies, inaccuracies and circumstances tending to cast suspicion thereon. *Exxon Corp. v. West,* 543 S.W.2d 667 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.), cert. de-

nied 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 154 (1977).

In the case at bar appellant could have filed the counter-affidavit provided for in Section 1(b) of art. 3737h and by doing so prevented the use of the Thomas affidavit as evidence. Appellant filed no such counter-affidavit and the only evidence in the record on damages was that contained in the Thomas affidavit. That evidence being uncontroverted, we must decide whether the Thomas affidavit stating the total price of the repairs to be $1,000.90 and the itemized list of repairs showing the total to be $900.90 contains contradictions, inaccuracies and inconsistencies that would preclude our holding that the amount of appellee's damages was established as a matter of law. We hold that under the facts of this case the Thomas affidavit does not contain such contradictions, inaccuracies and inconsistencies. It is quite apparent to us that the total cost of repairing appellee's vehicle was $900.90 and that the statement of Thomas on page 1 of the affidavit that the total cost was $1,000.90 was the result of a clerical error in adding to the $900.90 the amount of appellee's automobile insurance policy deductible, $100.00. We, therefore, hold that the amount of appellee's damages, $900.90, was established as a matter of law. Therefore, the trial court did not err in rendering judgment for appellee without a jury finding of the amount of appellee's damages. We overrule point of error number one. However, in view of the fact that the trial court awarded appellee a judgment for $1,000.90, we will modify or reform that judgment to award appellee $900.90.

In the second point of error appellant contends the trial court erred in rendering judgment for appellee because there was no fact finding by the jury of appellant's negligence. As noted earlier, the only special issue submitted asked whether appellant had exercised ordinary care in its custody of appellee's car on the date in question. The jury's "we do not" answer is a failure to find that Allright had exercised ordinary care but it is not a finding that Allright had failed to exercise ordinary care. Thus, if a fact finding of negligence on the part of Allright was necessary to support a judgment for appellee, then appellant's second point of error would be good and would require a reversal of the case. However, for the reasons set forth below we hold that Allright's negligence was established as a matter of law, and so no jury finding of Allright's negligence was necessary to support the judgment.

The case of *Trammell v. Whitlock*, 150 Tex. 500, 242 S.W.2d 157 (1951) is directly on point. That was a bailor-bailee controversy over damage to a cargo trailer allegedly borrowed for ten days from Whitlock by Trammell under express agreement by Trammell to return it in like good condition as when received, except for usual wear and tear, and actually returned in severely damaged condition. Only one special issue on liability was submitted to and answered by the jury to the effect that the trailer had been loaned to Trammell upon his express agreement to return it as alleged. Notwithstanding the verdict the trial court rendered judgment for Trammell denying Whitlock any recovery. The court of civil appeals reversed and rendered judgment in favor of Whitlock. *Whitlock v. Trammell*, 237 S.W.2d 451 (Tex.Civ.App.—Fort Worth 1951). That decision was affirmed by the Texas Supreme Court. The supreme court held there was no evidence of an agreement with any express provision for return of the trailer in the same condition it was then in, except for usual wear and tear, but that there was ample evidence of a bailment of the trailer for mutual benefit of the parties. The main disputed issue on the trial was not the fact of bailment but whether the bailee was Trammell or a third person named Tucker. The evidence showed that Tucker's brother had hauled goods in the trailer to Arkansas and during that trip the trailer was damaged. There was no evidence as to how the damage occurred. The supreme court stated that because there was no evidence to support the finding of a special contract of bailment, the liability of Trammell accordingly must rest on his failure to exer-

cise reasonable care for the trailer, as in the usual case of a bailment for mutual benefit. Then the supreme court made the following statement:

If, assuming the fact of bailment, the evidence still presented a fact question of negligence, then the mere finding of a bailment would not support a judgment for the plaintiff bailors; but if, on the same assumption, the record compelled the conclusion of negligence, judgment should have been rendered in the trial court for the plaintiff-respondents, instead of the petitioner bailee, and the rendition of such judgment by the Court of Civil Appeals was proper.

The defendant-petitioner is correct in his contention that the burden of proof on the whole case, including the issue of negligence, is on the respondent bailor, but as stated in Wigmore on Evidence, 3rd Ed., § 2508, "Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some other cause of loss or injury." Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all. The rule is said to be based on the just and common sense view that the party in possession or control· of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care. It is evidently supported by the weight of authority in the United States, including our own state.

Following the above quotation the supreme court cited a number of authorities including *Alpine Forwarding Co. v. Pennsylvania R. Co.*, 60 F.2d 734 (2d Cir.1932) and then makes the following statement:

As pointed out by Judge Learned Hand in the Alpine Forwarding Co. case, supra: "The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case. Thus, it can never concern the jury".

Then the supreme court discussed the evidence in the *Trammell* case and concluded that Trammell had not rebutted the presumption of negligence. In affirming the decision of the court of civil appeals in favor of the bailor Whitlock, the court said:

We accordingly consider the record as reflecting a prima facie case of negligence against the defendant-petitioner which, but for the dispute in the evidence as to the fact of bailment and amount of the damage, would have entitled the respondents to an instructed verdict. Under these circumstances, it was proper to submit only the issues actually presented, and the answers being favorable to the respondents, the trial court should have rendered judgment in their favor rather than against them notwithstanding the verdict.

This court in *Classified Parking Systems v. Dansereau*, 535 S.W.2d 14 (Tex. Civ.App.—Houston [14th Dist.] 1976, no writ), a bailment case in which an automobile was stolen from the bailee's parking lot, applied the general rule that (1) a bailor makes a presumptive case of negligence against the bailee by proving the bailment and the failure of the bailee to return the property and (2) in order to rebut the presumption of his negligence, the defaulting bailee must show how the loss occurred and that it was due to some other cause than his own negligence, or that, however the loss occurred, it was not due to his negligence. (Citing *Trammell v. Whitlock, supra,* and *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975)). The *Dansereau* court did not have to decide whether the bailee's failure to rebut the presumption of negligence resulted in the bailee's negligence being established as a matter of law.

There trial was to the court and judgment in favor of the bailor was supported by at least an implied finding of negligence of the bailee.

In *Allright, Inc. v. O'Neal,* 596 S.W.2d 208 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd) this court considered a case of theft of a car from Allright's parking lot. The only special issue submitted to the jury on Allright's negligence inquired whether the jury found from a preponderance of the evidence that Allright was not negligent with respect to the theft of the car. This issue placed the burden of proof on Allright to prove itself free of negligence and the jury answered the issue negatively. Thus, Allright had failed to prove it was not negligent. Judgment was rendered for the bailor and on appeal Allright contended the trial court erred in submitting the special issue because it erroneously placed the burden of proof on Allright. This court affirmed, stating that since Allright did not rebut the presumption of negligence, any error in the submission of the issue was harmless error. Any such error could not have been harmless unless either (1) negligence of Allright had been established as a matter of law or (2) the unrebutted presumption of negligence had shifted the burden of proof to Allright on the issue of its negligence. We think this court in *O'Neal* was holding that appellant's negligence had been established as a matter of law, especially in view of the many decisions in Texas to the effect that in a bailment case the burden of proof on the whole case, including the issue of negligence, is on the bailor and that when the presumption of negligence is met by the bailee, it disappears from the case. *Trammell v. Whitlock, supra, Buchanan v. Byrd, supra.* Saying that the burden of proof of negligence of the bailee remains at all times on the bailor does not preclude a holding in an appropriate case that the record compels the conclusion of negligence and entitles the bailor to an instructed verdict on liability. *Trammell v. Whitlock* was such a case.

We will now discuss the evidence relating to the question of Allright's rebuttal of the presumption of negligence. Charley L. Winston, an Allright parking lot attendant, testified substantially as follows: He could not recall whether he was working at the lot in question on the date appellee's car was stolen. The lot had short rails encircling part of the lot but the entrances and exits of the parking lot were wide open. No other security measures for the parked cars were taken by Allright. When the parking lot attendants had to keep moving the cars around in order to let other cars out, the standard procedure was to leave the keys in different places in the cars. At one time Allright had private guards or police to patrol the different parking lot areas, but Winston did not know how long that lasted or whether Allright had them on the date in question. Allright did maintain a keyboard in the parking lot building and kept car keys there from time to time.

Nothing in Winston's or anyone else's testimony revealed how the loss in question occurred, and there was no evidence that the loss was not due to Allright's negligence. Thus, we hold that Allright failed to rebut the presumption of negligence and the appellee was entitled to an instructed verdict on the liability issue of negligence. Therefore, appellant's point of error number two is overruled.

In point of error number three appellant urges that the trial court erred in placing on Allright the burden of proving its exercise of ordinary care in the one issue submitted to the jury. Because of our holding on point of error number two the one issue submitted to the jury was an irrelevant issue; therefore, point of error number three is overruled.

As modified, the judgment of the trial court is affirmed.