**James Kenneth BEAUCHAMP, Appellant,**

v.

**Patsy HAMBRICK, Appellee.**

**No. 11–94–184–CV.**

Court of Appeals of Texas,
Eastland.

June 8, 1995.

John M. Bailey, Roger L. Glandon, Glandon, Scarborough, Gravely & Leggett, Abilene, for appellant.

Frank W. Conard, II, Dist. Atty., Sweetwater, for appellee.

Opinion

WRIGHT, Justice.

This is an automobile collision case in which Patsy Hambrick sued James Kenneth Beauchamp. Trial was to a jury. The only element of damages found by the jury was for past medical expenses in the amount of $1,014.25. Plaintiff moved for judgment non obstante veredicto, requesting judgment for past medical expenses in the amount shown in various affidavits filed by her. The motion was granted, and the trial court entered judgment for the plaintiff for past medical expenses in the amount of $6,370.54. Beauchamp alleges in a single point of error that appellee's past medical expenses were not established as a matter of law and that the judgment non obstante veredicto should not have been granted. We agree, and the judgment is modified and affirmed.

Hambrick filed affidavits pursuant to TEX. CIV.PRAC. & REM.CODE ANN. § 18.001 (Vernon 1986 & Supp.1995) which set forth the amount of past medical expenses and stated that they were reasonable and necessary. Some of the affidavits also contained language stating that the charges were related to injuries received in the collision. Beauchamp did not file a controverting affidavit.

Section 18.001 provides, in relevant part, as follows:

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary *is sufficient evidence to support a finding of fact* by a judge or jury that the amount charged was reasonable or that the service was necessary.

(e) A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney.

(f) The counteraffidavit must give reasonable notice of the basis on which the party filing it intends at trial to controvert the claim reflected by the initial affidavit. (Emphasis added)

Section 18.001(b) touches upon three elements of proof: (1) the amount of the charges; (2) the reasonableness of the charges; and (3) the necessity of the charges. Appellant's complaint is addressed to the issue of the causal link between the charges and the collision. Appellant does not challenge any of the three elements listed in Section 18.001(b).

Appellant cites *Hilland v. Arnold,* 856 S.W.2d 240 (Tex.App.—Texarkana 1993, no writ), wherein Hilland sued Arnold for injuries allegedly received in a collision. Hilland filed affidavits as to the reasonableness and necessity of medical expenses in the amount of $13,060.81. The jury awarded $659, the total amount of medical bills that Hilland incurred soon after the collision. Additional charges were incurred later. No controverting affidavit was filed. On appeal, Hilland contended that the medical bills, together with the uncontroverted affidavits, established the reasonableness and necessity of all his expenses. There was no dispute that the alleged expenses were reasonable and necessary. Arnold did "dispute, however, the causal link between the accident and the expenses." *Hilland v. Arnold,* supra at 242. The *Hilland* court reasoned that the jury could have believed that the continuation of Hilland's injuries was due to some cause other than the accident. The jury was entitled to answer the damage issue accordingly.

Appellee cites, and *Hilland* discusses, *Hill v. Clayton,* 827 S.W.2d 570 (Tex.App.—Corpus Christi 1992, no writ), which we do not find to be dispositive. The *Hilland* case, as well as the brief of appellee, refers to the affidavits in *Hill.* We find no mention of affidavits in the opinion in *Hill;* however, we note that the court states that Hill "established by uncontroverted expert *testimony* that the medical bills submitted were reasonable and necessary *for treatment of the gunshot wound* " and that Dr. Frank Ivey *testified by deposition* that named expenses were "reasonable and necessary medical expenses *due to [Hill's] gunshot wounds."* (Emphasis added) The causal link between the event and the damages was shown, not by affidavit, but by uncontroverted testimony.

Appellee also cites *Allright, Inc. v. Strawder*, 679 S.W.2d 81 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), which is distinguishable. There, the court held that the statute did not apply. Damages were established conclusively, independent of the statute.

 Section 18.001 is an evidentiary statute which accomplishes three things: (1) it allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges which would otherwise be inadmissible hearsay; (2) it permits the use of otherwise inadmissible hearsay to support findings of fact by the trier of fact; and (3) it provides for exclusion of evidence to the contrary, upon proper objection, in the absence of a properly-filed counteraffidavit. Section 18.001 provides that evidence of reasonableness and necessity submitted under the statute will support a finding of fact. The statute does not provide that the evidence is conclusive, nor does it address the issue of causation.

 A court may render judgment non obstante veredicto if a directed verdict would have been proper. TEX.R.CIV.P. 301. A directed verdict is proper only when the evidence is such that no other verdict would be proper and when the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law. *White v. White,* 141 Tex. 328, 172 S.W.2d 295 (1943).

The matter of causation was contested by Beauchamp. There was a dispute over the seriousness of the impact. There was also evidence that Hambrick's medical expenses were incurred in two different time periods, that she was treated for a brief time following the collision, and that the treatment ceased for a period of time before she received any further treatment. The jury awarded damages equal to the amounts shown by the affidavits relative to the first period of treatment. We hold that appellee has failed to conclusively establish past medical expenses of $6,370.54, which was awarded by the court. See *Hilland v. Arnold,* supra.

The judgment of the trial court is modified to reflect the jury's finding of past medical expenses in the amount of $1,014.25 and, as modified, is affirmed.