COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-408-CV

 

 

DENNIS HONG                                                                    APPELLANT

 

                                                   V.

 

LARRY BENNETT                                                                   APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Dennis Hong appeals
from the jury verdict and trial court judgment against him in this suit arising
from an automobile accident.  In one
issue, Hong contends that the trial court erred by admitting appellee Larry
Bennett=s medical bill affidavits into evidence at trial when Hong had timely
filed a controverting affidavit under section 18.001 of the civil practice and
remedies code.  Tex. Civ. Prac. & Rem. Code Ann. ' 18.001 (Vernon 1997).  We
reverse and remand.








Procedural Background

Bennett sued Hong for
personal injuries that he claimed occurred as the result of an automobile
accident with Hong.  Approximately four
months before trial, Bennett filed with the court, and served on Hong, four
affidavits for the authentication of medical bills in accordance with section
18.001 of the civil practice and remedies code. 
Id.  The bills were from a
chiropractic clinic and a medical doctor, radiologist, and pharmacist to whom
Bennett had been referred by the chiropractic clinic.  In the affidavits accompanying the bills, the
affiants averred that the services provided were reasonable and necessary.

One month after Bennett filed
his affidavits, Hong filed a controverting affidavit by Paul Strube, a
chiropractor, in which Strube averred that none of the services provided by, or
referred by, the chiropractic clinic were reasonable and necessary.  Attached to the affidavit was a report
explaining Strube=s reasons
for concluding that the services were not reasonable and necessary.   According to Strube, A[t]he prognosis for an injury such as [Bennett=s] is excellent from the outset, with or without treatment, due to the
body=s natural healing capabilities.@ 








The trial court held an
extensive pretrial hearing on the admissibility of the affidavits.  At the hearing, Hong contended that none of
Bennett=s affidavits were admissible because he had filed a controverting
affidavit.  Bennett contended that Hong=s affidavit was insufficient to controvert his own affidavits because
Hong had not designated Strube as an expert and because as a chiropractor,
Strube was not qualified to testify as to the reasonableness and necessity of
the services provided by the medical doctor, radiologist, or pharmacist.








The trial court initially
ruled that Strube=s affidavit
could not controvert Bennett=s affidavits from the medical doctor, radiologist, and pharmacist
because, as a chiropractor, Strube was not qualified to testify as to the
reasonableness and necessity of services provided by professionals other than
another chiropractor.  But the trial
judge changed his mind and determined that Strube=s affidavit could controvert all of Bennett=s medical bill affidavits, after Hong explained that Strube had
averred that the other professionals= services were not necessary because Bennett=s chiropractor should never have referred Bennett to them in the first
place given the nature of Bennett=s injuries and the likelihood that they would heal on their own
without any treatment.  Instead of ruling
that Hong=s
controverting affidavit rendered Bennett=s affidavits inadmissible, however, the trial court ruled that both
Bennett=s and Hong=s affidavits
should be admitted into evidence.  It
further ruled that parts of the report attached to Strube=s affidavit should be redacted because they Awent too far@ in setting
forth the basis on which Hong would controvert Bennett=s affidavit at trial.[1]  Thus, the trial court pre-admitted all of
Bennett=s affidavits attesting to the reasonableness and necessity of the
medical bills of the chiropractor, medical doctor, radiologist, and pharmacist,
but it also pre-admitted Strube=s controverting affidavit with parts of the attached report redacted. 

Issue on Appeal

In one issue, Hong contends
that the trial court erred by ruling that Bennett=s affidavits were admissible at trial. 
According to Hong, once a controverting affidavit is filed under section
18.001, a plaintiff=s affidavits
on the issue of the reasonableness and necessity of medical expenses are
inadmissible for that purpose, and the plaintiff must offer expert testimony as
to the reasonableness and necessity of his or her medical expenses.

Standard of Review








A trial court=s rulings in admitting or excluding evidence are reviewable under an
abuse of discretion standard.  Nat=l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000).  An
appellate court must uphold the trial court=s evidentiary ruling if there is any legitimate basis in the record
for the ruling.  Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  A trial court=s erroneous legal conclusion, even in an unsettled area of law, is an
abuse of discretion.  Perry v. Del Rio,
66 S.W.3d 239, 257 (Tex. 2001); Huie v. DeShazo, 922 S.W.2d 920, 927-28
(Tex. 1996) (orig. proceeding).

Partial Reporter=s Record








In accordance with rule
34.6(c)(1), Hong designated only a partial reporter=s record consisting of the pretrial hearing on the admissibility of
the affidavits with those affidavits attached as exhibits; he also filed a
statement of points that included his point on appeal.  Tex.
R. App. P. 34.6(c)(1).  Bennett
did not designate any additional materials to be included in the record.  See Tex.
R. App. P. 34.6(c)(2).  Thus, we
have no record of what was actually admitted at trial, only the trial judge=s pretrial ruling that Bennett=s affidavits, with attached bills, and Hong=s controverting affidavit, with Strube=s redacted report attached, would all be admitted at trial.  Likewise, we have no record of who might have
testified at trial in support of the affidavits, if anyone.  But we must presume that the partial record
is the entire record for purposes of reviewing Hong=s complaint on appeal.  See
Tex. R. App. P. 34.6(c)(4).  Accordingly, in reviewing Hong=s issue, we will presume that the exhibits pre-admitted at the
pretrial hearing were actually admitted at trial and that there was no expert
testimony at trial as to the reasonableness and necessity of Bennett=s medical expenses that would otherwise support the four pre-admitted
affidavits.

Applicable Law

Section 18.001 provides, in
pertinent part, as follows:

(b)    Unless
a controverting affidavit is filed . . . , an affidavit that the amount a
person charged for a service was reasonable at the time and place that the
service was provided and that the service was necessary is sufficient evidence
to support a finding of fact by judge or jury that the amount charged was
reasonable or that the service was necessary.

 

. . . .

 

(e)     A
party intending to controvert a claim reflected by the affidavit must file a
counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit
on each other party or the party=s attorney of record:

 

(1) not later than:

(A) 30 days after the day he receives a copy of
the affidavit; and

(B) at least 14 days before the day on which
evidence is first presented at the trial of the case; or

(2) with leave of the court, at any time before
the commencement of evidence at trial.

 

(f) The counteraffidavit must give reasonable
notice of the basis on which the party filing it intends at trial to controvert
the claim reflected by the initial affidavit and must be taken before a person
authorized to administer oaths.  The
counteraffidavit must be made by a person who is qualified, by knowledge,
skill, experience, training, education, or other expertise, to testify in
contravention of all or part of any of the matters contained in the initial
affidavit.

 








Tex. Civ. Prac. &
Rem. Code Ann. ' 18.001(b), (e)-(f) (emphasis added). 
Section 18.001 is an evidentiary statute that accomplishes three
things:  (1) it allows for the
admissibility, by affidavit, of evidence of the reasonableness and necessity of
charges that would otherwise be inadmissible hearsay; (2) it permits the use of
otherwise inadmissible hearsay to support findings of fact by the trier of
fact; and (3) it provides for exclusion of evidence to the contrary, upon
proper objection, in the absence of a properly‑filed controverting
affidavit.  Id. ' 18.001; Castillo v. Am. Garment Finishers Corp., 965 S.W.2d
646, 654 (Tex. App.CEl Paso
1998, no pet.); Beauchamp v. Hambrick, 901 S.W.2d 747, 749 (Tex. App.CEastland 1995, no writ).[2]








An uncontroverted section 18.001(b) affidavit provides legally
sufficientCbut not
conclusiveCevidence to
support a jury=s finding
that the amount charged for a service was reasonable and necessary.  Ferrer v. Guevara, 192 S.W.3d 39, 47
(Tex. App.CEl Paso
2005, pet. granted); Owens v. Perez ex rel. San Juana Morin, 158 S.W.3d
96, 110 (Tex. App.CCorpus
Christi 2005, no pet.); Horton v. Denny=s Inc., 128 S.W.3d 256, 259 (Tex.
App.CTyler 2003, pet. denied); Beauchamp, 901 S.W.2d at 749.  Without a section 18.001(b) affidavit
averring that medical expenses are reasonable and necessary, a plaintiff must
prove the reasonableness and necessity of such expenses by expert testimony.  Rodriguez-Narrera, 19 S.W.3d at
532-33; Castillo, 965 S.W.2d at 654; see Turner v. Peril, 50
S.W.3d 742, 746-47 (Tex. App.CDallas 2001, pet. denied). 
Thus, section 18.001(b) provides a limited exception to the general rule
that expert testimony is required to prove reasonableness and necessity of
medical expenses.  Castillo, 965
S.W.2d at 654.  It further provides an
exception to general hearsay rules.  See
Tex. R. Evid. 801-06; Beauchamp,
901 S.W.2d at 749; see also Nye, 2006 WL 2309051, at *4 & n.1
(holding that if section 18.001 is not complied with, affidavits are hearsay
and must fall within an exception to the hearsay rules to be admissible).













By filing a
controverting affidavit, the nonoffering party can prevent the offering party=s affidavits of reasonableness and necessity from being used as
evidence.  See Allright, Inc. v.
Strawder, 679 S.W.2d 81, 83 (Tex. App.CHouston [14th Dist.] 1984, writ ref=d n.r.e.);[3]
see also Hilland v. Arnold, 856 S.W.2d 240, 241-42 (Tex. App.CTexarkana 1993, no pet.) (holding that filing of controverting
affidavit complying with section 18.001 is prerequisite to contesting matters
set forth in affidavit of reasonableness and necessity).  This construction of section 18.001(b) is
consistent with the plain language of section 18.001(f), which requires the
party filing a controverting affidavit to give reasonable notice of the basis
on which it intends to controvert Athe claim reflected by the initial affidavit@ at trial, as well as section 18.001(b)=s function as a limited exception to the general rule that an
affidavit is inadmissible to prove reasonableness and necessity, which, without
compliance with section 18.001, must be proved by expert testimony.  Tex.
Civ. Prac. & Rem. Code Ann. ' 18.001(b), (f) (emphasis added); see Tex. R. Evid. 801-06; Rodriguez-Narrera, 19 S.W.3d at
532-33; Castillo, 965 S.W.2d at 654; Beauchamp, 901 S.W.2d at
749.

Thus, the section 18.001(b)
exception to the general rule that affidavits of reasonableness and necessity
are inadmissible and insufficient proof absent expert testimony applies only if
the offering party satisfies the requirements of section 18.001(b) and
the opposing party fails to file a controverting affidavit.  Castillo, 965 S.W.2d at 654.  By filing a proper controverting affidavit,
the opposing party can force the offering party to prove reasonableness and
necessity by expert testimony at trial.  Id.

Analysis








Here, it is undisputed that
Bennett complied with section 18.001(b) by timely filing affidavits attesting
to the reasonableness and necessity of the services provided by the chiropractor,
medical doctor, radiologist, and pharmacist. 
What the parties dispute, however, is the effect of Hong=s controverting affidavit since the trial court admitted both.  According to Hong, once the trial court determined
that his affidavit was sufficient to controvert Bennett=s affidavits, it should have excluded all of the affidavits and
required Bennett to proffer expert testimony as to the reasonableness and
necessity of his medical expenses.

Bennett contends that the
trial court did not abuse its discretion by admitting all of the affidavits
because Hong=s affidavit
was insufficient under section 18.001(f) in that it failed to show that Strube
was qualified to give an opinion as to the reasonableness and necessity of the
medical doctor=s,
pharmacist=s, and
radiologist=s services.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 18.001(f); Turner, 50 S.W.3d at 747-48.  Bennett also contends that the affidavit Alacked sufficiency and focused on matters completely irrelevant to the
damages Bennett sustained in the automobile accident.@ 

Thus, we must determine
whether Hong=s
controverting affidavit was sufficient under section 18.001(f) such that the
trial court should have excluded Bennett=s affidavits.

Strube=s affidavit reads, in pertinent part, as follows:

I am a
doctor of chiropractic licensed to practice in the State of Texas.  I state that I am qualified by knowledge,
skill, experience, training, and education to make the statement contained in
this affidavit. . . .  I am familiar with
reasonable and customary charges for chiropractic services in Dallas,
Tarrant, Collin, and surrounding counties. . . .

 








. . . I have reviewed the chiropractic billing
and record affidavits of Liberty Healthcare, as well as billing and record
affidavits from referrals made by a chiropractor to Phil=s
Pharmacy, Radiologics, and Charles Wilis, MD, showing the records and charges
incurred for the services provided to LARRY BENNETT, for treatment of alleged
injuries allegedly sustained by him in an accident which occurred on April 1,
2004.  I have also reviewed records from
the Dallas Veterans Administration Hospital and the police accident report.

 

. . . I find that based on the above records,
none of the services by or on referral from Liberty Healthcare, was reasonable
or necessary as related to the subject accident.  Further I refer to my report dated April 1,
2005, a true and correct copy of which is attached to this affidavit and
incorporated herein by reference as Exhibit B. 
[Emphasis added.] 

 

In the attached report, as redacted by the trial
court, Strube stated that none of the services were reasonable and necessary
because Bennett was not seriously injured, the prognosis for the injuries he
did sustain Ais excellent
from the outset, with or without treatment, due to the body=s natural healing capabilities,@ and Bennett waited five weeks after the accident to begin chiropractic
treatment.  We hold that this is
sufficient to Agive
reasonable notice of the basis on which [Hong] intend[ed] at trial to
controvert the claim reflected by@ Bennett=s initial
affidavit as to the reasonableness and necessity of the chiropractor=s services.  See Tex. Civ. Prac. & Rem. Code Ann. ' 18.001(f); cf. Turner, 50 S.W.3d at 747-48.  Thus, we must next address Bennett=s contention that Strube was not qualified to  controvert the affidavits attesting to the
reasonableness and necessity of the other medical professionals= services.








Section 18.001(c)(2)(B)
permits the reasonableness and necessity of charges to be proved by a nonexpert
custodian.  Tex. Civ. Prac. & Rem. Code Ann. ' 18.001(c)(2)(B).  In contrast,
section 18.001(f) requires that a counteraffidavit be made by a person qualified
to testify in contravention about matters contained in the initial
affidavit.  Id. ' 18.001(f).  Section 18.002 sets
out a form for an affidavit regarding cost and necessity of services but
provides no form for a counteraffidavit. 
Id. '
18.002.  Thus, the statute places a
greater burden of proof on counteraffidavits to discourage their misuse in a
manner that frustrates the intended savings. 
Turner, 50 S.W.3d at 747.

The medical doctor=s, radiologist=s, and
pharmacist=s affidavits
submitted by Bennett substantially follow the format set forth in section 18.002(b)
by including a statement averring that A[t]he services provided were necessary and the amount charged for each
service was reasonable at the time and place that the service was provided.@  Tex. Civ. Prac. & Rem. Code Ann. ' 18.002(b).  Each affidavit was
signed by the person in charge of billing records for the professional who
provided the services to Bennett.  See
id. ' 18.001(c)(2)(B).








General experience in a
specialized field does not qualify a witness as an expert.  Gen. Motors Corp. v. Burry, No.
02-05-00216-CV, 2006 WL 2692689, at *3 (Tex. App.CFort Worth Sept. 21, 2006, no pet. h.); Pack v. Crossroads, Inc.,
53 S.W.3d 492, 506 (Tex. App.CFort Worth 2001, pet. denied).  AWhat is required is that the offering party establish that the expert
has >knowledge, skill, experience, training, or education= regarding the specific issue before the court which would qualify the
expert to give an opinion on that particular subject.@  Broders v. Heise, 924
S.W.2d 148, 153‑54 (Tex. 1996).  If
Aa party can show that a subject is substantially developed in more
than one field, testimony can come from a qualified expert in any of those
fields.@  Id. at 154.

In his controverting
affidavit, Strube averred that he was familiar with the reasonable and
customary charges for chiropractic services only; thus, he did not show that he
was qualified to controvert the reasonableness of the medical doctor=s, radiologist=s, or
pharmacist=s
bills.  See Tex. Civ. Prac. & Rem. Code Ann. ' 18.001(f); Turner, 50 S.W.3d at 747.

With respect to the necessity
of the services provided by the professionals other than the chiropractor,
Strube explained in his report that Bennett=s chest contusion and low back paraspinal strain had an excellent
prognosis for healing on their own, with or without treatment.  He also focused on the five-week gap between
the accident and Bennett=s seeking
chiropractic treatment.








As a chiropractor, Strube was
qualified to testify about the nature of Bennett=s injuries and whether referral to other professionals for additional
treatment of those injuries was reasonable. 
See Hayhoe v. Henegar, 172 S.W.3d 642, 644 (Tex. App.CEastland 2005, no pet.).  Thus,
Strube showed that he was qualified to controvert the affidavit of Bennett=s chiropractor.  But Strube=s affidavit does not address the chiropractor=s stated reason for referring Bennett to the doctor:  after approximately a week of chiropractic
treatment, Bennett reported that he was still experiencing back pain.  Thus, the referral appears to comport with
Strube=s assertion that the injury should have healed on its own; in other
words, the chiropractor referred Bennett to a medical doctor because the
injury, which should have healed on its own, was still causing Bennett pain,
thus necessitating a visit to a doctor to determine if the injury was worse
than originally suspected or if a previously undiagnosed injury had
occurred.  See Turner, 50 S.W.3d
at 748 (AEven an insignificant injury may merit an examination and some medical
treatment.@).  The chiropractor=s records also indicate that Bennett reported pain in other parts of
his body.  And the pharmacist=s bill shows that the medications were prescribed by the medical doctor,
not the chiropractor.  








Although Strube=s affidavit properly controverts the chiropractor=s affidavit, and is relevant to causation (i.e., whether the need for
the services was accident-related or otherwise),[4]
it does not specifically address the claims made in the affidavits relating to
the other professionals= services,
such as why a medical doctor would not need to evaluate a patient whose injury
should be improving, nor does it state how Strube is qualified to opine as to
the circumstances under which a medical doctor should or should not prescribe
medication to treat pain reported by a patient, even if that patient has
suffered an injury that would ordinarily heal without any treatment.  Thus, we conclude and hold that although
Strube=s affidavit and attached report are sufficient to controvert the
affidavit as to the reasonableness and necessity of the chiropractor=s services, they are not sufficient to controvert the affidavits
concerning the reasonableness and necessity of the medical doctor=s, radiologist=s, and
pharmacist=s
services.  Therefore, the trial court did
not abuse its discretion by admitting the affidavits as to the medical doctor=s, radiologist=s, and
pharmacist=s services.








However, because we have
determined that Strube=s
controverting affidavit and attached report were sufficient under section
18.001(f) to controvert Bennett=s affidavit as to his chiropractic expenses, we also hold that the
trial court abused its discretion by admitting both the affidavit as to
chiropractic expenses and Strube=s affidavit, in lieu of requiring Bennett to provide expert testimony
as to those expenses at trial.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 18.001(b), (e)-(f); Tex. R.
Evid. 801-06; Beauchamp, 901 S.W.2d at 749.

Harm








Having determined that the
trial court abused its discretion by admitting both Bennett=s and Hong=s affidavits
in lieu of requiring Bennett to offer expert testimony to prove the reasonableness
and necessity of his chiropractic expenses, we must determine whether the error
is reversible.  See Tex. R. App. P. 44.1.  To obtain reversal of a judgment based upon
an error in the trial court, the appellant must show that (1) the error occurred
and (2) it probably caused rendition of an improper judgment, or probably
prevented the appellant from properly presenting the case to this court.  TEX. R. APP. P. 44.1(a); Romero v. KPH Consolidation, Inc., 166
S.W.3d 212, 220 (Tex. 2005).  We will not
reverse a trial court=s judgment
because of an erroneous evidentiary ruling unless the ruling probably caused
the rendition of an improper judgment.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000); Owens-Corning
Fiberglas Corp., 972 S.W.2d at 43. 
The complaining party must usually show that the whole case turned on
the evidence at issue.  City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995).  The party need not show that a different
judgment would necessarily have been rendered, but only that the error probably
resulted in an improper judgment.  Id.

We examine the entire record
in making this determination of harm.  Interstate
Northborough P=ship v.
State, 66 S.W.3d 213, 220 (Tex. 2001).  Because Hong filed only a partial reporter=s record in compliance with rule 34.6(c)(1), we presume that the
partial reporter=s record is
the entire record for purposes of reviewing harm.  See Tex.
R. App. P. 34.6(c)(4); Bennett v. Cochran, 96 S.W.3d 227, 228
(Tex. 2002).

Hong contends that he was
harmed by the trial court=s admission
of the affidavits because 

the
fact that the jury was presented with medical bills of $7,222.82 [sic] and
returned a verdict for personal injuries of $9,000 makes it clear that the jury
based its personal injury award in large part on the medical bills submitted as
exhibits despite the fact that . . . Strube=s counter-affidavit was
timely filed with the court.

 













The trial court submitted the
damages issue to the jury in broad form and instructed the jury to consider the
following elements of damages:  APhysical pain and mental anguish sustained in the past and that in
reasonable probability will be sustained in the future@; APhysical
impairment sustained in the past and that in reasonable probability will be
sustained in the future@; AMedical care sustained in the past@; ALoss of
earning capacity in the past@; AMental pain
in the past@; and ALost wages in the past.@  Here, the only damage elements
supported by evidence in the partial record before us are physical pain
sustained in the past and medical care sustained in the past.  Bennett=s affidavits as to the reasonableness and necessity of medical care
services totaled $7,555.82, leaving $1,444.18 that was presumably attributable
to physical pain.  However, excluding the
erroneously admitted affidavit as to chiropractic care, the total damages for
medical care sustained in the past equaled only $860.82, which would leave a
total of $8,139.18 that would be presumably attributable to physical pain.  Because of the broad-form submission of the
damage question, we are unable to ascertain whether the jury=s damage award was primarily based on evidence of Bennett=s past physical pain or on the erroneously admitted affidavit
supporting the reasonableness and necessity of the charges for chiropractic
care.  And we must further presume that
no other testimony was offered at trial that would have otherwise supported the
chiropractic expenses.  See Tex. R. App. P. 34.6(c)(4).  Accordingly, we cannot be Areasonably certain that the jury was not significantly influenced by
issues erroneously submitted to it.@  Romero,166 S.W.3d at
227-28.  Because we cannot ascertain the
propriety of the jury=s damage
verdict with reasonable certainty, we must hold that the error is
reversible.  Tex. R. App. P. 44.1(a); Romero, 166 S.W.3d at
227-28.  We therefore sustain Hong=s sole issue.

Conclusion

Having sustained Hong=s sole issue, we reverse the trial court=s judgment and remand this case to the trial court for a new trial.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A: 
LIVINGSTON, HOLMAN, and WALKER, JJ.

DELIVERED: November 22, 2006  











[1]The report also contained some
confidential health-related information that was potentially prejudicial.  Hong does not complain on appeal about the
trial court=s redaction of the report.





[2]See
also Rodriguez-Narrera v. Ridinger, 19 S.W.3d 531, 532 (Tex. App.CFort
Worth 2000, no pet.) (holding that affidavits for purpose of providing
reasonableness and necessity of medical expenses are not admissible unless
plaintiff complies with section 18.001); Nye v. Buntin, No.
03-05-00214-CV, 2006 WL 2309051, at *4 n.1 (Tex. App.CAustin
Aug. 11, 2006, no pet. h.) (noting that, absent compliance with section 18.001,
affidavits attesting to reasonableness and necessity of medical bills are
hearsay and inadmissible unless they qualify for admission under an exception
to the hearsay rule); Bituminous Cas. Corp. v. Cleveland, No. 07-05-00235-CV,
2006 WL 1418624, at *6 (Tex. App.CAmarillo May 24, 2006, no
pet.) (holding that affidavit swearing to reasonableness and necessity of
medical expenses is admissible once condition precedent of timely filing is
met).





[3]But see City of El Paso v. Pub.
Util. Comm=n of Tex., 916 S.W.2d 515, 524 (Tex. App.CAustin 1995, writ dism=d by agr.) (holding that A[s]ection 18.001 does not address
the admissibility of an affidavit concerning cost and necessity of services but
only the sufficiency of the affidavit to support a finding of fact that a
charge was reasonable or a service was necessary@); Ozlat v. Priddy, No.
11-96-00240-CV, 1997 WL 33798173, at *2B4 (Tex. App.CEastland May 29, 1997, pet. denied) (not designated for
publication) (holding that trial court did not abuse its discretion by
admitting both section 18.001(b) affidavits and controverting affidavit as
evidence at trial and that A[s]ection 18.001 provides a procedure allowing parties to
prove and controvert by affidavit the costs and necessity of services without
calling a witness at trial@).

 

We disagree with the
holdings of these cases.  First, the
statement in City of El Paso conflicts with the Austin court=s more recent construction of
section 18.001 in Nye, as well as the holdings of other courts
addressing this issue.  See, e.g., Castillo,
965 S.W.2d at 654; Strawder, 679 S.W.2d at 83.  And as an unpublished opinion, Ozlat
has no precedential value.  See Tex. R. App. P. 47.7.  Moreover, it conflicts with that court=s prior, published opinion in Beauchamp.  See 901 S.W.2d at 749.





[4]Section 18.001 does not address the
issue of causation.  Nat=l Freight, Inc. v. Snyder, 191 S.W.3d 416, 425 (Tex. App.CEastland 2006, no pet.);
Beauchamp, 901 S.W.2d at 749.  Thus,
there must be some evidence other than section 18.001 affidavits to prove the
causal link between an event and damages. 
See Beauchamp, 901 S.W.2d at 748-49.