

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00010-CV

PREILLA ATWOOD AND                                          APPELLANTS
CHELSEY ATWOOD

V.

CHRISTINE PIETROWICZ                                          APPELLEE

------------

## FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellants Priella Atwood and her daughter Chelsey Atwood (collectively, the Atwoods) were rear-ended by Appellee Christine Pietrowicz in 2006, an accident for which Pietrowicz has conceded liability.  A jury trial was held on the issue of damages.  The jury awarded the Atwoods damages for physical pain and mental anguish, medical care expenses, and loss of earning capacity.

---

[1]*See* Tex. R. App. P. 47.4

Prior to trial, the Atwoods filed with the court a number of affidavits concerning the cost and necessity of their medical treatment. The Atwoods also filed a motion in limine requesting that Pietrowicz be prohibited from bringing certain matters to the jury's attention "unless and until such matters have been first called to the attention of the court, out of the presence and/or hearing of the jury, and a favorable ruling obtained from the Court as to the admissibility and relevance of any such matters." The court sustained the Atwoods' prohibitions on, among other things, (1) mentioning any insurance covering the Atwoods; (2) arguing that any damages should be reduced by credits, write-offs or discounts appearing on the Atwoods' medical bills; (3) arguing that the Atwoods could not have been injured because of the lack of damage to the vehicles; and (4) arguing that the medical services evidenced in the Atwoods' affidavits were unnecessary or that their costs were unreasonable.

On appeal, the Atwoods argue in ten issues that the jury awarded much less in damages than was established at trial because of Pietrowicz's counsel's repeated violations of the order on the motion in limine; improper arguments that the Atwoods do not owe their medical bills and that their damages should be accordingly reduced by adjustments shown in the records; improper questioning of the Atwoods' counsel's honesty; and misrepresentations of the uncontroverted affidavits of medical care. For the reasons set forth below, we disagree and uphold the damages awarded at trial.

2

## Discussion

### Improper Jury Argument

In their first and second issues, the Atwoods complain that Pietrowicz's trial counsel repeatedly violated the motion in limine and made improper arguments that incurably prejudiced the jury. Pietrowicz responds that these complaints were not preserved by objections during trial.

Normally, to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). However, when an appellant complains of an incurable argument, it is preserved by a motion for new trial, even without an objection at trial. *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009).

Incurable argument is rare. *Living Ctrs. of Tex., Inc. v. Penalver*, 256 S.W.3d 678, 680 (Tex. 2008). To be incurable, the argument must be of such a nature, degree, and extent that no instruction from the court or retraction of the argument could undo its effect. *Id.* at 680–81. An incurable argument is one that "strikes at the appearance of and the actual impartiality, equality, and fairness of justice rendered by courts." *Id.* at 681.

We first address preservation. The Atwoods did not object at trial to all of the arguments of which they now complain.[2] For those they did object to, all discussion with the court is off the record.[3] Thus, the record fails to reflect the prerequisite statement of grounds, ruling by the court, and request for instruction

---

[2] The two complained-of statements which were not objected to are

(1)
       Well, if you look at Arlington Orthopedic, you look at the bill, it's the same thing. It's $35 for her to go. And if you look at the bill down here, it doesn't owe any of it - - that they wrote off a thousand dollars. Okay. And that there are all these other reductions in here.
       So for them to come in here and portray, like, oh, I owe all these bills and, you know, look at all that I owe and look at the large amounts of this. All right. They are not being honest with you and - - open and honest with you, because if you look at this stuff, they don't owe it. All right.
       They are asking you to compensate them for something that they are not even going to pay. All right. That you are going to give them money and they are not going to pay these folks with the money that you give them. All right.
       So for them to act like that is what they are going to do, that is not the case.

(2)        And I think you ought to look at the write-off stuff in relation to that . . . .

[3] The statement which was objected to, but on which no ruling is preserved in the record, is, "Look at the bills in the case. It looks like she doesn't owe those amounts."

The Atwoods also complain of a line of questioning in which Pietrowicz's counsel asked Priella Atwood whether she had ever looked at her medical bills prior to trial. We note that this is not an argument to the jury and that the Atwoods' counsel allowed Priella to answer six questions on the subject before objecting. Further, the Atwoods failed to get a ruling on their objection on the record.

4

to disregard. However, some of the statements made by Pietrowicz were preserved for our review in the Atwoods' motion for new trial. Those statements which were preserved, all in Pietrowicz's closing argument, involved commenting on the existence of health insurance as a collateral source of payment or arguing that any damage award be reduced by write-offs or credits.[4]

All of these statements are proper remarks on the medical bills submitted into evidence by the Atwoods. Although they were redacted, the bills clearly show unredacted "credits," "write-offs," and "adjustments." A party cannot complain of error when she has allowed the evidence to be admitted. Because the Atwoods themselves sponsored the evidence of credits, write-offs, and adjustments through the exhibits they introduced, error cannot be assigned for commenting on the meaning of their documents in argument. *See Magic Chef, Inc. v. Sibley*, 546 S.W.2d 851, 858 (Tex. App.—San Antonio 1977, pet. ref'd) (holding that it was not improper argument to comment on requests for admission that were read to the jury without objection).

In their third issue, the Atwoods complain that these same arguments by Pietrowicz impugned the honesty of the Atwoods' attorney. Attacks on the integrity of counsel have been found to be "highly improper and generally

---

[4] The three statements which were preserved by the motion for new trial are the two which were not objected to at trial and the argument to which the Atwoods did object, but did not obtain a ruling. *See supra* notes 2–3. The Atwoods did not preserve in their motion their complaint of the line of questioning regarding Priella Atwood's medical bills.

5

considered to be incurable." *Circle Y of Yoakum v. Blevins*, 826 S.W.2d 753, 758 (Tex. App.—Texarkana 1992, writ denied). Specifically, the Atwoods point to when Pietrowicz's counsel said,

> Well, if you look at Arlington Orthopedic, you look at the bill, it's the same thing. It's $35 for her to go. And if you look at the bill down here, it doesn't owe any of it - - that they wrote off a thousand dollars. Okay. And that there are all these other reductions in here.
>
> So for them to come in here and portray, like, oh, I owe all these bills and, you know, look at all that I owe and look at the large amounts of this. All right. They are not being honest with you and - - open and honest with you, because if you look at this stuff, they don't owe it. All right.
>
> They are asking you to compensate them for something that they are not even going to pay. All right. That you are going to give them money and they are not going to pay these folks with the money that you give them. All right.
>
> So for them to act like that is what they are going to do, that is not the case.

We do not understand the above argument to refer to the Atwoods' counsel, but to the Atwoods themselves. And as discussed above, the Atwoods were the ones who introduced the evidence that they did not owe the full amount of the medical bills. Pietrowicz's counsel was remarking on that evidence and the Atwoods will not be heard to complain of it now. We overrule the Atwoods' first, second, and third issues.

**Objection at Closing**

In their fourth issue, the Atwoods complain of the following statement made during Pietrowicz's closing argument:

6

I think back during the voir dire, Plaintiff's Counsel told you that this wasn't a case where they were asking for a lot of money. Well, it seems to me that they just asked you for a lot of money. Particularly in relation to what kind of accident this was.

The Atwoods objected "to the argument that the damages are based on what kind of accident it was. They need to be based only on the actual damages." The court overruled the objection. The Atwoods complain that the objection was proper because counsel's statement was in violation of their motion in limine, which prohibited counsel from "arguing to the jury or testifying that Plaintiffs could not have been injured due to the lack of damage or insubstantial amount of damage to either or both of the vehicles involved in the collision in question," and that since it was in violation of the motion in limine, it was an improper argument. Pietrowicz counsel argues that her counsel did not run afoul of the prohibition because he did not directly mention vehicle damage.

The statement regarding "what kind of accident this was" does not make reference to vehicle damage and does not violate the Atwoods' motion in limine. Pietrowicz had argued throughout the trial about the lack of severity of the accident and that such car accidents do not normally cause the types or extent of injuries complained of. This statement is a proper summary of that argument. The Atwoods' objection was properly overruled at trial, and we now overrule their fourth issue.

7

**Uncontroverted Affidavits of Cost and Necessity of Medical Services**

The Atwoods' fifth through eighth and tenth issues relate to the uncontroverted affidavits concerning the cost and necessity of medical services they entered into evidence.

In their closing argument, the Atwoods stated that the affidavits "conclusively establish[] that these fees were reasonable at the time and place that they were -- for the things reflected in them, and that the services were necessary." [RR 51] Pietrowicz objected that it was an incorrect statement of the law, referencing Texas Civil Practice and Remedies Code section 18.001. In their fifth issue, the Atwoods argue that the trial court erred by sustaining this objection and that by doing so, caused the jury to improperly award them less than the full amount of their medical costs.

Also during closing, Pietrowicz argued that the jury should only award the Atwoods part of the cost of Chelsey's MRI. Pietrowicz told the jury that Chelsey had three MRIs performed on the same day, including one on her neck, which he argued she did not claim was injured in the accident. He told the jury, "I don't think you should consider the third MRI that was done to the neck. Just look at the other two." The Atwoods claim that the MRI was a single "three-level" MRI, the cost of which cannot or should not be divided. The Atwoods complain in their sixth issue that referring to the MRI as three different procedures was an improper argument that caused the jury to enter a judgment of less than the full cost of the MRI. Because the jury did not award the full cost of the MRI, the

8

Atwoods argue in their seventh and eighth issues that the jury's damage award is contrary to the conclusive evidence as a matter of law. The Atwoods further argue in issue ten that the jury's failure to award Priella all of the medical costs for which she submitted uncontroverted affidavits is contrary to the conclusive evidence as a matter of law.

Section 18.001 affidavits concerning the cost and necessity of services rendered are "sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary." Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b) (Vernon 2008). Even when uncontroverted, section 18.001 affidavits are not conclusive evidence. *Hong v. Bennett*, 209 S.W.3d 795, 800 (Tex. App.—Fort Worth 2006, no pet.) ("An uncontroverted section 18.001(b) affidavit provides legally sufficient—*but not conclusive*—evidence to support a jury's finding that the amount charged for a service was reasonable and necessary.") (emphasis added). Section 18.001 affidavits do not establish that the costs were caused by the defendant's actions or that the plaintiffs are entitled to those costs as a matter of law. *Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex. App.—Beaumont 2000, no pet.); *Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex. App.—Eastland 1995, no writ). It is an evidentiary statute allowing for the admissibility of affidavits that would otherwise be considered hearsay. *Hong*, 209 S.W.3d at 800; *Beauchamp*, 901 S.W.2d at 749.

When causation is contested, such as when there is a dispute over the seriousness of an accident that allegedly caused the medical expenses, the jury is not bound to award the damages set forth in an uncontroverted affidavit under section 18.001, but is entitled to answer the damages issue as it deems appropriate.

*Gutierrez v. Martinez*, No. 01-07-00363-CV, 2008 WL 5392023, at *9 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, no pet.) (mem. op.).

The Atwoods' statement that the affidavits were conclusive evidence was properly objected to as being a misstatement of the law. The section 18.001 affidavits do not conclusively establish the Atwoods' entitlement to those damages as a matter of law. *See, e.g., Sloan*, 32 S.W.3d at 752 (upholding jury award of $21,600 where medical expenses were established by affidavit to be $107,543.25). The Atwoods were still required to demonstrate that the services were sought as a result of Pietrowicz's actions. *Id*.

Both Priella and Chelsey suffered injuries after the accident that were unrelated to the accident and that were listed in the medical bills submitted into evidence. Their counsel noted at trial that not all of the charges in the affidavits were related to the car accident. In closing argument, he stated, "[T]he affidavit itself says that the attached records show there is $13,000-plus in necessary and reasonable charges, but . . . the only ones that we are seeking here are . . . for the MRI, which totals $8,873." The jury was within its discretion to evaluate the evidence and make judgment as to which of the medical expenses were related to the accident and which were not. *See Gutierrez*, 2008 WL 5392023, at *9.

10

Further, during trial, the Atwoods did not object to Pietrowicz's characterization of the MRI as three separate MRIs. The record does not reflect whether the Atwoods argued to the jury during their own closing that the MRI was one three-level imaging, not three separate services. And the Atwoods did not object when Pietrowicz referred to the MRI as "three MRIs" during cross-examination of Chelsey Atwood,[5] or attempt on redirect to have Chelsey testify that it was one procedure. The Atwoods' presented no other testimony on the issue, and the bill for the MRI attached to the affidavit breaks it down into three items, each with its own code, quantity, and charge. The evidence is not clear that the MRI was one procedure, and the jury was free to make that determination and award the costs only on those procedures attributable to the accident.

Based on this evidence in the record, we cannot say that it was error for the jury to award less than the full amount of medical costs evidenced in the affidavits. We overrule the Atwoods' fifth, sixth, seventh, eighth, and tenth issues.

**Physical Impairment and Loss of Earning Capacity**

In their ninth issue, the Atwoods argue that the jury's responses to questions in the jury charge are inconsistent and, therefore, require a new trial.

---

[5]When questioned about the "three MRIs," Chelsey responded, "They did one long one. They didn't do three little ones. They did one big one . . . . Three different ones."

11

Question two of the jury charge asked the jury, "What sum of money, if paid now in cash, would fairly and reasonably compensate Priella Atwood for her injuries, if any, that resulted from the occurrence in question?" The charge broke out the award as follows:

a. Physical pain and mental anguish sustained in the past;

b. Physical pain and mental anguish that, in reasonable probability, Priella Atwood will sustain in the future;

c. Physical impairment sustained in the past;

d. Physical impairment that, in reasonable probability Priella Atwood would sustain in the future;

e. Medical care expenses sustained in the past; and

f. Loss of earning capacity sustained in the past.

The Atwoods complain on appeal that the jury's answer for part (c) (physical impairment sustained in the past) of zero dollars and the jury's answer for part (f) (loss of earning capacity sustained in the past) of $2,098.40 are inconsistent. The Atwoods argue that Priella's lost earning capacity could only have been due to her physical impairment and thus, because the jury found that Priella had suffered lost earning capacity, they should have awarded her something for her past physical impairment.

Physical impairment and loss of earning capacity are not the same thing. Loss of earning capacity is the diminution in the plaintiff's ability to earn and "do[es] not have to be based on any specific degree of physical impairment, but can be based on a composite of all of the factors affecting earning capacity." *Tri-*

12

*State Motor Transit Co. v. Nicar*, 765 S.W.2d 486, 492 (Tex. App.—Houston [14th Dist.] 1989, no writ). It includes her ability to "get and hold a job, or [her] capacity for duration, consistency or efficiency of work . . . ." *Rendon v. Avance*, 67 S.W.3d 303, 312–13 (Tex. App. —Fort Worth 2001, no pet.) (quoting *Springer v. Baggs*, 500 S.W.2d 541, 545 (Tex. Civ. App.—Texarkana 1973, writ ref'd n.r.e.)).

Physical impairment "extends beyond loss of earning capacity and beyond any pain and suffering, to the extent that it produces a separate loss that is substantial or extremely disabling." *Dawson v. Briggs*, 107 S.W.3d 739, 752 (Tex. App.—Fort Worth 2003, no pet.). It can include inability to participate in hobbies, completely apart from any inability to perform work. *Patlyek v. Brittain*, 149 S.W.3d 781, 787 (Tex. App.—Austin 2004, pet. denied) ("By focusing on activities unrelated to work, a reviewing court can distinguish losses comprising physical impairment from those comprising lost wages or earning capacity.") This court has previously noted,

> To receive damages for physical impairment, the injured party must prove that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering, to the extent that it produces a separate and distinct loss that is substantial and for which he should be compensated. Therefore, even proof that one is entitled to compensatory damages for pain and suffering, or for lost wages, does not automatically entitle one to compensation for physical impairment.

*Dawson*, 107 S.W.3d at 752 (internal citations omitted).

13

Damages for physical impairment and for loss of earning capacity compensate the plaintiff for different losses. The jury's finding that Priella Atwood did not suffer physical impairment to a degree for which she should be compensated is therefore not inconsistent with their award of lost earning capacity. The Atwoods' ninth issue is overruled.

## Conclusion

Having overruled each of the Atwoods' issues, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED: October 28, 2010

14